IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:17-cv-00278 |
| MARLOWE WILLIAMS; MARLOWE WILLIAMS FOUNDATION; SEVENTH SEAL TRUST; and JACOBS LADDER EXPRESS TRUST, | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

This case comes before the court on the United States' motion for default judgment (Doc. 15). For the reasons that follow, the motion will be granted.

The United States alleges the following: Defendant Marlowe Williams Foundation (the "Foundation") sought and received over $600,000 in fraudulent tax refunds in tax years 2009 and 2010. (Doc. 1 at 3, ¶ 10.) The Foundation's trustee, Defendant Marlowe Williams, exercised complete control over the Foundation, improperly using its tax refunds for personal purposes, such as paying off a car loan and mortgage. (Id. at 3, ¶¶ 12-13.) The United States therefore seeks a judgment that Williams is the Foundation's legal alter ego and is personally liable for its tax liabilities. It further seeks to foreclose on the real property located at 44692 Honeybee Circle, in New London, North Carolina ("the Property"), which Williams and his

wife acquired in 1983.  (See Doc. 16-4.)  In 2011, after Williams's wife transferred to him her share of the property (Doc. 16-5), Williams transferred the Property for nominal consideration through Defendant Seventh Seal Trust to Defendant "Jacobs [sic] Ladder Express Trust" (the "Trust"), whose trustee is Williams's son-in-law (Doc. 1 at 7, ¶ 42), for $10.  (Doc. 16-6; Doc. 16-7.)  After that transfer, Williams continued to reside at the Property (Doc. 1 at 4, ¶ 22) and to pay the Property's mortgage, real estate taxes, utilities, and insurance (id. at 4, ¶ 19).  Williams also took personal income tax deductions for the Property's real estate taxes and its mortgage interest.  (Id. at 4, ¶ 20.)  The United States therefore seeks a declaratory judgment that the Trust is Williams's nominee for the purpose of a federal tax lien and an order allowing the United States to sell the Property to satisfy the Foundation's tax liabilities.

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) (citation and internal quotation marks omitted).  Even though the present motion for default judgment is unopposed, "the court must exercise sound judicial discretion to determine whether default judgment should be entered as a matter of right."  EMI April

Music Inc. v. Rodriguez, 691 F. Supp. 2d 632, 634 (M.D.N.C. 2010). "Upon default judgment, a plaintiff's factual allegations, excluding determination of damages, are accepted as true for all purposes." See Ins. Servs. of Beaufort, Inc. v. Aetna Cas. & Sur. Co., 966 F.2d 847, 853 (4th Cir. 1992). The court may hold a hearing on the issue of damages but may forego a hearing if the damages are uncontested. Ins. Servs. of Beaufort, Inc. v. Aetna Cas. & Sur. Co., 966 F.2d 847, 853 (4th Cir. 1992).

In this case, the defaulting parties failed to respond to the summons and complaint and failed to respond to the present motion. The United States has submitted sworn declarations and other factual evidence detailing Williams's tax liability and the relationship among Defendants. The court therefore concludes that default judgment is appropriate. The court also concludes that the United States has proffered sufficient evidence to allow the court to decide the issue of damages without an evidentiary hearing.

"To establish a prima facie case of tax liability, the government need only 'introduce[] into evidence the certified copies of the certificates of assessment.'" United States v. Parr, No. 3:10-CV-00061, 2011 WL 4737066, at *2 (W.D. Va. Oct. 6, 2011) (quoting United States v. Pomponio, 635 F.2d 293, 296 (4th Cir. 1980) (citation omitted)). "Once the United States

establishes a prima facie case, the burden shifts to defendants to prove that the [government's] determination was erroneous . . . ." Id. (quoting Pomponio, 635 F.2d at 296). In this case, the United States has established the Foundation's tax liability through the declaration of Carolyn Coleman, an Internal Revenue Service ("IRS") officer assigned to the case (Doc. 16-10), and through IRS records, including certified copies of 2009 and 2010 tax assessments (Doc. 16-2). These documents reflect a tax liability of $386,192.17 for tax years 2009 and 2010. (Doc. 16-10 at 2, ¶ 5.) The United States has also provided declarations that Williams, the Foundation's trustee, has never been engaged in military service (Doc. 16-9 at 1, ¶ 4; Doc. 16-3), see 50 U.S.C. § 501 et seq., and that he is not an infant or incompetent (Doc. 16-9 at 2, ¶ 5). This establishes the United States' prima facie case for the Foundation's tax liability, which Defendants have not rebutted.

The court finds that this tax liability is attributable to Williams in his individual capacity because under North Carolina law, he is the legal alter ego of the Foundation. See United States v. Scherping, 187 F.3d 796, 802 (8th Cir. 1999) ("Generally, federal courts will look to state law to determine whether an entity is an alter ego of a taxpayer." (citations omitted)). The United States may collect tax liabilities from a taxpayer's legal alter ego. Id. at 801. In North Carolina, a

party is the legal alter ego of an entity when (1) he had complete control of the entity, (2) he used that control to commit fraud or violate a statutory duty, and (3) the fraud or violation caused the injury at issue. United States v. Greer, 383 F. Supp. 2d 861, 867 (W.D.N.C. 2005) (citing Glenn v. Wagner, 313 N.C. 450, 455, 329 S.E.2d 326, 330 (1985)), aff'd, 182 F. App'x 198 (4th Cir. 2006).

Williams meets all three criteria. The United States alleges that he had complete control over the Foundation as its trustee. (Doc. 1 at 1.) It further alleges that Williams used his control over the Foundation to claim over $600,000 in fraudulent refunds (id. at 3, ¶ 10), part of which he used for personal purposes, such as paying off a car loan and mortgage (id. at 3, ¶¶ 12-13), satisfying the second and third elements of the alter-ego test.

Default judgment will therefore be entered declaring that Williams is the Foundation's alter ego. Default judgment will further be entered for the United States against Williams and the Foundation.

Williams's tax liabilities give rise to a federal tax lien, which attaches to all property he owns. 26 U.S.C. §§ 6321-22. The United States may foreclose on that lien if Williams fails to satisfy the underlying tax liabilities. Id. § 7403(a).

The United States seeks foreclosure of the Property. Williams and his then-wife acquired the Property in 1983 (Doc. 16-4), and his wife eventually transferred her interest in it to him (Doc. 16-5). Then, in 2011, Williams transferred the Property through the Seventh Seal Trust to the Trust, whose trustee is Williams's son-in-law (Doc. 1 at 7, ¶ 42), for $10. (Doc. 16-6; Doc. 16-7.) After that transfer, Williams continued to reside at the Property (Doc. 1 at 4, ¶ 22) and to pay the Property's mortgage, real estate taxes, utilities, and insurance (id. at 4, ¶ 19). Williams also took tax deductions for the Property's real estate taxes and its mortgage interest. (Id. at 4, ¶ 20.)

The United States contends that the Trust is Williams's nominee for the purpose of his tax lien. In determining nominee status for this purpose, the court considers eight factors:

> (1) the treatment by the taxpayer of the asset as his own; (2) control over the [alleged nominee] by the taxpayer or a close relationship between them; (3) use of the [alleged nominee's] funds to pay personal expenses of the taxpayer; (4) transfer of the property to the [alleged nominee] for a nominal sum; (5) the fact that the [alleged nominee] supported the taxpayer; (6) whether the taxpayer expended personal funds for the property; (7) whether the taxpayer enjoys the benefit of the property; and (8) whether the record titleholder interfered with the taxpayer's use of the property.

United States v. Holland, 637 F. Supp. 2d 315, 320 (E.D.N.C. 2009) (citing Greer, 383 F. Supp. 2d at 867) (internal quotation

marks omitted) (alterations in original), amended on other grounds on reconsideration, No. 5:07-CV-445-BO, 2009 WL 3166852 (E.D.N.C. Aug. 13, 2009), aff'd, 396 F. App'x 937 (4th Cir. 2010), and aff'd, 396 F. App'x 937 (4th Cir. 2010).

The court finds that the Trust is Williams's nominee. Williams treated the Property as his own by living in it. He had a close relationship to the Trust in that his son-in-law was the trustee. He did not use proceeds from the Property to pay his personal expenses, but he did profit from tax deductions the Property afforded him. His transfer of the Property was for $10, a nominal sum, and he paid taxes on the Property. Finally, he enjoyed the benefit of the Property by residing on it. The record does not indicate that the Trust ever interfered with Williams's use of the Property.

Because the court finds that the Trust is Williams's nominee for the Property's purposes, Williams's tax liens attach to the Property. Judgment will therefore be entered ordering its sale. For all these reasons,

IT IS ORDERED that the United States' motion for default judgment (Doc. 15) is GRANTED as follows:

1. Default judgment will be entered for the United States against Williams and the Foundation in the amount of $386,192.17 as of February 13, 2017, plus penalties and interest pursuant to

26 U.S.C. §§ 6201(a)(3) and 6651 after that date until the full amount is paid.

2. Williams is declared the alter ego of the Foundation and that the United States may collect the Foundation's tax liabilities from Williams personally.

3. The Seventh Seal Trust is declared to have no interest in the real property that is the subject of this civil action and shall take nothing from a sale of the real property.

4. The Jacobs Ladder Express Trust is declared to hold title to the real property that is the subject of this civil action as Williams's nominee.

5. The federal tax liens arising from the Foundation's tax liabilities attach to the Property (44692 Honeybee Circle, in New London, North Carolina).

6. The tax liens on the Property are adjudged foreclosed, and the United States is authorized to sell the Property in accordance with the Order of Sale entered contemporaneously herewith.

A Judgment and Order of Sale will be entered accordingly.

/s/   Thomas D. Schroeder
United States District Judge

August 25, 2017